IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADVANCE WATCH CO., LTD : | CIVIL No. |
| : | 3:10CV00239 (SRU) |
| Plaintiff/Relator, : | |
| : | |
| v. : | |
| : | |
| TIMEX GROUP USA, INC., : | |
| : | March 23, 2010 |
| Defendant. : | |

### DEFENDANT'S SUPPLEMENTAL MOTION TO ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The defendant, Timex Group USA, Inc (hereinafter "Timex") submits this motion to supplement and support its motion to dismiss *qui tam* plaintiff Advance Watch Company, Ltd.'s (hereinafter "Advance") complaint, filed on March 22, 2010.

First, after filing its motion and supporting memorandum of law yesterday, Timex was informed by plaintiff/relator's counsel in Hollander v. Timex Group USA, Inc., No. 2:10-cv-00429 pending in the Eastern District of Pennsylvania that said counsel had mailed to this Court a letter relaying its contention that this Court lacks subject matter jurisdiction over the claims alleged by Advance. A copy of this letter it attached hereto as Exhibit C[1]. As the arguments presented by Hollander's counsel

---

[1] Timex has designated the letter as Exhibit C to avoid confusion because it previously filed an "Exhibit A" and "Exhibit B" attached to its memorandum of law in support of its motion to dismiss, on March 22, 2010.

support Timex's argument that Advance's *qui tam* action should be dismissed because it claims are duplicative of the claims already alleged in Hollander v. Timex Group USA, Inc., (See Def.'s Mem. Law Supp. Mot. Dismiss at 2-6, 9-12 ), Timex adopts the arguments presented in the letter and incorporates them in its memorandum of law in support of it motion to dismiss as if fully set forth by it.

Second, Timex has also learned that *Amici Curiae* Stanley Black & Decker Inc. and Always Tools, Inc. have recently sought leave to file an amicus brief in support of defendant –appellees and affirmance, in the matter of Stauffer v. Brooks Brothers, Inc., currently pending before the United States Court of Appeals for the Federal Circuit. Their amicus brief addresses and supports the arguments Timex presented in its memorandum of law in support of its motion to dismiss regarding its contention that marking an article with an expired patent is not a violation of 35 U.S.C. § 292. (See Def.'s Mem. Law Supp. Mot. Dismiss at 12-19.) As Timex already noted in its memorandum of law, this issue has also been raised in briefs filed in the matter of Pequignot v. Solo Cup Co., No. 2009-1547, which is also currently pending before the Federal Circuit. (See Def.'s Mem. Law Supp. Mot. Dismiss at 12-13.) Timex, therefore, seeks to direct this Court's attention to *Amici Curiae* Stanley Black & Decker Inc. and Always Tools, Inc. recent request to file its amicus brief because the Federal Circuit is likely to consider this issue in the near future.

CARMODY & TORRANCE LLP
Attorneys at Law
{W1803955}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

Accordingly, for the reasons set forth in Timex's memorandum of law in support of it motion to dismiss, filed on March 22, 2010, and the additional arguments adopted and presented by Timex in this motion, this Court should dismiss Advance's complaint.

THE DEFENDANT,
TIMEX GROUP USA, INC.,

*/s/ James K. Robertson, Jr.*
James K. Robertson, Jr.
Federal Bar No. ct05301
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Phone: 203 573-1200
Fax: 203 575-2600
Email: jrobertson@carmodylaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ James K. Robertson, Jr.