# EXHIBIT C



# COZEN
# O'CONNOR

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

**Jacob C. Cohn**
Direct Phone    215.665.2147
Direct Fax    215.701.2347
jcohn@cozen.com

March 22, 2010

**VIA FEDERAL EXPRESS**

The Honorable Stefan R. Underhill
United States District Court for the District of
Connecticut
BRIEN McMAHON FEDERAL BUILDING
United States Courthouse
915 Lafayette Boulevard - Suite 411
Bridgeport, Connecticut 06604

      Re:    **SUGGESTION OF LACK OF SUBJECT MATTER JURISDICTION –**
              **Advance Watch Co., Ltd. v. Timex Group USA, Inc.**
              **Civil Action No. 3:10-cv-00239-SRU**

Dear Judge Underhill:

      We represent Relator/Plaintiff Dr. Bentley A. Hollander. We write to Your Honor pursuant to Rule 12(h)(3) to suggest to the Court that it lacks subject matter jurisdiction over this action because Dr. Hollander's prior filing of his own *qui tam* action against Timex Group, Inc. ("Timex") in the United States District Court for the Eastern District of Pennsylvania on January 29, 2010 divested the plaintiff here, Advance Watch Co., Ltd. ("Advance Watch"), of any standing to thereafter assert the same claims.

      This is the *third* false patent marking act case filed against Timex for falsely marking its "Indiglo®" watches with the numbers of the same three expired patents in violation of 35 U.S.C. § 292(a). Dr. Hollander's action, *Hollander v. Timex Group USA, Inc.*, Civil Action No. 2:10-cv-429, was followed on February 12, 2010 by a second, this one filed in Texas and styled *Patent Compliance Group v. Timex Group USA, Inc.*, N.D. Tex. Civil Action No. 3:10-cv-286. Advance Watch subsequently filed this third action on February 18, 2010. (Copies of each of the three complaints are enclosed for the Court's reference).

The Honorable Stefan R. Underhill
March 22, 2010
Page 2

---

As the first filer, Dr. Hollander alone is entitled to prosecute this claim against Timex on behalf of the United States. Advance Watch, on the other hand, has no standing to do so and, consequently, this Court has no subject matter jurisdiction over this action.

Promptly upon learning of the second-filed Texas action, we contacted counsel for the plaintiff there, Patent Compliance Group, advised him of Dr. Hollander's pending, first filed action, and asked him to dismiss his client's claims. After considering the authority we provided, Patent Compliance Group dismissed its suit in favor of Dr. Hollander's. A copy of the docket report and filed dismissal notice in the Texas action are attached for the Court's convenience.

Likewise, we contacted counsel for Advance Watch in this action, provided relevant legal authority, and made the same request. Unhappily, Advance Watch would not agree to dismiss this action voluntarily, thereby necessitating this letter to the Court.

By way of background, 35 U.S.C. § 292(b) prohibits the marking of a patent on an unpatented product for the purpose of deceiving the public. Section 292 permits "any person" to file suit at his own expense seeking the imposition of a statutory penalty, which is to be shared by the United States and the *qui tam* relator on a 50/50 basis. A *qui tam* relator derives his standing to sue because, by filing suit, he becomes the partial assignee of the United States' claim. *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000). Upon the filing of his Complaint, Dr. Hollander satisfied the requirements set forth in 35 U.S.C. § 292(b). As a result, by operation of the statute he became vested with the relator's interest in one-half of any fine imposed against Timex.

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005). To have standing, a plaintiff must be entitled to have the court decide the merits of his claim. *See id.* The requirement that a litigant have standing to bring a lawsuit in a federal court is derived from the case or controversy requirement. *Id.* An aspect of justiciability, the standing question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf. *Id.*

Because of its significance, standing cannot be inferred from the averments of the pleadings alone, but must affirmatively appear in the record. In evaluating whether subject matter jurisdiction exits, the court may freely consider extrinsic materials to satisfy itself that jurisdiction is proper because "a court may not ... extend its jurisdiction where none exists." *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988).

In a situation like this, it is settled that the first-filing *qui tam* relator takes precedence. He has staked his claim, which is not subject to "claim-jumping" by later filers. As the court explained in *United States v B. F. Goodrich Co.*, 41 F. Supp. 574 (S.D.N.Y. 1941):

The Honorable Stefan R. Underhill
March 22, 2010
Page 3

---

> Under the general rule well known and so long adhered to, one plaintiff should not be permitted to bring and maintain at the same time more than one action for the same relief. The only plaintiff in an action such as this must be the United States, no matter who brings it on its behalf. Before the commencement of this action, suit had already been commenced by the United States on the Mandel case, for the very same relief sought by Scott here. There can be no division of the moneys collected because, among other reasons, the statute expressly provides that such a suit shall be at the sole cost and charge of the person bringing it; and the proceeds are to be divided one-half to him and the other half to the United States. Others are excluded. Even the sovereign has no right to interfere. The first plaintiff has sole control of the action, except that he cannot dismiss it without consent of the judge and the District Attorney. Under the circumstances, this action must be stayed. *United States v. Griswold*, 26 Fed. Cas. p. 42, No. 15,266; *Bush v. United States*, 13 F. 625; *United States v. Dwight Manufacturing Co.*, 213 F. 522; *Beadleston v. Sprague, 6 Johns.*, N.Y., 101; *Ferrett v. Atwill*, 8 Fed.Cas. P. 1161, No. 4747.
>
> For the same reasons, plaintiff's motion to consolidate, which is opposed by these defendants and by Mandel, should be denied. This is not a derivative action in the same sense as one brought by a stockholder for the benefit of a corporation. There recovery is solely for the benefit of the corporation. Here the recovery is solely for the benefit of the United States and the informer. ***If there can be but one action and one division, the second or subsequent attempts by others can have no standing, and there is nothing to consolidate.***

*Id.* at 575 (Emphasis added). This is confirmed by *Vermont Agency*, where the Supreme Court premised a relator's standing upon his status as an assignee of part of the government's claim. *Vermont Agency*, 529 U.S. at 773-74. Once that assignment has been effected by virtue of the first plaintiff's filing suit, others are, by definition, excluded from obtaining that assignment from the government and, as *B.F. Goodrich* explains, subsequent filers "can have no standing."[1] Accordingly, if more than one *qui tam* action is filed for the same cause, the first plaintiff, here, Dr. Hollander, has sole control of the action.

---

[1] *B. F. Goodrich Co.*, 41 F. Supp. at 575. To be clear, this is a false patent marking act suit, not a False Claims Act action. Because the latter must be maintained under seal, sometimes for years, there is a specific statutory framework for determining priority in the case of multiple filers (still generally providing for "first in time, first in right"). Here, there is no secrecy and no statutory abrogation of pure application of the principle that only the first to file has a claim to an assignment and therefore standing to sue.

The Honorable Stefan R. Underhill
March 22, 2010
Page 4

---

      Because Advance Watch's *qui tam* claims are identical to Dr. Hollander's claims, but were filed nearly a month later, Advance Watch has no standing to bring these claims, as *B.F. Goodrich* and *Vermont Agency* confirm. It is our hope that, with this background, the Court, pursuant to its independent duty to inquire into its own jurisdiction, will act *sua sponte* to dismiss this improper third-filed action in favor of Dr. Hollander's action. Respectfully, it would be highly unfair to require Dr. Hollander, who commenced his action against Timex in good faith reliance upon the United States' statutory assignment to him of a one-half interest in any fine and put the world on notice thereof, to undertake the annoyance and expense either of retaining counsel to appear before this Court and/or to petition Judge Schiller of the Eastern District of Pennsylvania to enter an anti-suit injunction against Advance Watch.

      We greatly appreciate the Court's consideration of this letter.

                                     Respectfully,

                                     COZEN O'CONNOR

                                     By:   Jacob C. Cohn

JCC\ir
Enclosures

cc:     Mark A. Cantor, Esquire (via email w/out enclosures)
        Eliot B. Gersten, Esquire (via email w/out enclosures)
        James K. Robertson, Jr., Esquire (via email w/out enclosures)