UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

.....................................
:
ADVANCE WATCH CO., LTD.            :
                                   :
         Plaintiff,                :
                                   :   Civil No. 3:10-CV-00239 (SRU)
v.                                 :
                                   :
TIMEX GROUP USA, INC.              :   April 12, 2010
                                   :
         Defendant                 :
                                   :
.....................................:


**PLAINTIFF ADVANCE WATCH CO., LTD.'S
MEMORANDUM IN OPPOSITION
<u>TO DEFENDANT'S MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

CONCISE STATEMENT OF THE QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . iv

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.     Principles Of Equity Support
                Continuing This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        B.     Timex's Repeated Violations Of 35 U.S.C. §292(b) Are
                Actionable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

              1.     Marking With An Expired Patent Is Actionable Under
                       35 U.S.C. §292(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

              2.     Timex Also Marks Products With The Patents
                       At Issue That Cannot Possibly Be Applicable . . . . . . . . . . . . . . . . . . . . . 7

        C.     The Complaint Is Well-Pleaded Under
                The Proof Standards Of The *Forest Group* Case . . . . . . . . . . . . . . . . . . . . . . . . 8

        D.     Statute Of Limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

III.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## **TABLE OF AUTHORITIES**

## **CASES**

*Aro Mfg. v. Convertible Top Replacement Co.*,
   365 U.S. 336 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Atl. Thermoplastics Co. v. Faytex Corp.*,
   974 F.2d 1299 (Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
   489 U.S. 141 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Cont'l Paper Bag Co. v. E. Paper Bag Co.*,
   210 U.S. 405 (1908) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Curtis v. Citibank N.A.*,
   226 F.3d 133 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*Decor Grates, Inc. v. Fararo*,
   1995 WL 548571 (N.D.Ill. Sept. 12, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mahn v. Harwood*,
   112 U.S. 354 (1884) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Pequignot v. Solo Cup Co.*,
   540 F.Supp.2d 649 (E.D. Va. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

*Prestole Corp. v. Tinnerman Products, Inc.*,
   271 F.2d 146 (6th Cir. 1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*SRI Int'l v. Matsushita Elec. Corp.*,
   775 F.2d 1107 (Fed. Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sears, Roebuck & Co. v. Stiffel Co.*,
   376 U.S. 225 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Singer Mfg. Co. v. June Mfg. Co.*,
   163 U.S. 169 (1896 ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Stauffer v. Brooks Brothers, Inc.*,
   615 F.Supp.2d 248 (S.D. N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Sullivan v. Syracuse Hous. Auth.*,
    962 F.2d 1101 (2d Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Sylvania Indus. Corp. v. Visking Corp.*,
    132 F.2d 947 (4th Cir.1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Telecom International America Ltd. v. AT & T Corp.*,
    280 F.3d 175 (2nd Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*The Forest Group, Inc. v. Bon Tool Co.*,
    590 F.3d 1295 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 9, 10, 14,

*United States v. B.F. Goodrich Co.*,
    41 F.Supp. 574 (S.D. N.Y. 1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## **STATUTES**

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

35 U.S.C. §292(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 5

## **CONCISE STATEMENT OF THE QUESTIONS PRESENTED**

1. Should the Court exercise its discretion to continue this false patent marking suit brought by Advance Watch who (i) is a competitor of defendant Timex, (ii) has Article III standing as a party who has been competitively injured by Timex, and (iii) brought this action in Timex's home forum?

2. Has Timex falsely marked its advertising and product literature by listing thereon the numbers of patents that Timex *knows* have expired?

3. Has Advance Watch presented a well-pleaded claim for false patent marking under the standards of the Federal Circuit's December 28, 2009 *Forest Group* holding?

4. Does Timex have liability for false patent marking within the statutory period for limitation of actions?

As to all questions, Advance Watch answers: ***Yes***.

## I. **INTRODUCTION**

Plaintiff Advance Watch Co., Ltd. ("Advance Watch") has presented a well-pleaded Complaint for false patent marking by defendant Timex Group USA, Inc. ("Timex"). Timex contends that it should have to face a claim made by a disinterested citizen, Bentley A. Hollander, for false marking simply seeking a payday, and not have to answer to a competitor that has suffered a competitive injury based on Timex's conduct. As explained herein, the principle of equity support continuing the present action.

Timex raises a number of additional issues. Timex raised these same issues in the lawsuit brought by Bentley A. Hollander, in the Eastern District of Pennsylvania, *Hollander v. Timex Group USA, Inc.*, Case No. 2:10-cv-00429 ("the *Hollander* action"). In fact, most of Timex's brief tracked verbatim from its filing in Pennsylvania. (Compare Dkt. #11-1 with Exhibit 1.) Timex does not advise the Court, however, that Timex agreed that its motion to dismiss should be denied in the Bentley A. Hollander lawsuit – but not here. (Exhibit 2.) Timex's attempt to pick its plaintiff – a plaintiff with no competitive standing – should be denied.

## II. DISCUSSION

### A. Principles of Equity Support Continuing This Action

The allegations of the Complaint presented by Plaintiff Advance meet the proof standards for a false patent marking claim recently stated by the Federal Circuit in *The Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300-01 (Fed. Cir. 2009).  Advance Watch is a competitor of Timex, and has sustained a competitive injury that affords Advance Watch jurisdictional standing. *Telecom International America Ltd. v. AT & T Corp.*, 280 F.3d 175, 197 (2nd Cir. 2001).  Advance Watch has brought this false patent marking action in Timex's home forum, which optimizes the convenience of access to witnesses and proofs.

Defendant Timex asks the Court to dismiss this action based on a conflict of jurisdiction arising from a co-pending action brought by a highwayman, Bentley A. Hollander, in the Eastern District of Pennsylvania, *Hollander v. Timex Group USA, Inc.*, Case No. 2:10-cv-00429 ("the *Hollander* action").  Dr. Hollander has sustained no competitive injury that would accord him Article III standing.   Seizing on a potential payday, Dr. Hollander has filed **_at least seven_** *qui tam* actions for false marking.  (Exhibit 3, Advance Watch's letter to the Court.)  The *Hollander* action against Timex was filed January 29, 2010, only a short time before the present action was commenced, and pends in a remote forum.

A federal district court faced with a conflict of jurisdiction has discretion to act based on consideration of the equities of the situation.  *Curtis v. Citibank N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).  There is "no precise rule." *Id.*  And, the Court can continue with the second-filed action if more efficacious than the first-filed action.

Here, the equities tip decidedly in favor of continuing this second-filed action. Advance Watch is a direct competitor of Timex in the sports watch business. *See* Complaint, ¶3. In further proof of this fact, Timex is concurrently suing Advance Watch for patent and trade dress infringement in this judicial district. *Timex Group USA, Inc. v. Advance Watch Co., Ltd.*, Case No. 3:08-CV-01061-AWT. This co-pending lawsuit between Advance and Timex concerns the very products that Timex has falsely marked leading the present complaint. Timex's false patent marking is causing competitive injury to Advance Watch. *See* Complaint, ¶13. Advance Watch has standing, an irreducible constitutional minimum to bring an action.

Any party invoking federal jurisdiction has the burden to establish: (1) that it has suffered an injury in fact, (2) that is causally connected to the defendant, and (3) that is likely to be redressed by the court. *Sullivan v. Syracuse Hous. Auth.*, 962 F.2d 1101, 1106 (2d Cir.1992). Bentley A. Hollander cannot meet this burden in the *Hollander* action in the Eastern District of Pennsylvania, because he has suffered no injury in fact. At least one sister district court has dismissed a false patent marking claim under Fed. R. Civ. P. 12(b)(1) for lack of standing in the plaintiff. *Stauffer v. Brooks Brothers, Inc.*, 615 F.Supp.2d 248, 256 (S.D. N.Y. 2009).[1]

Presently pending before both houses of Congress are bills to codify the "standing" rule relied on by the *Stauffer* Court. On March 25, 2010, U.S. Representative Darrell Issa (R-Calif.) introduced H.R. 4954, to amend 35 U.S.C. 292(b) to "provide recourse under the patent law for persons who suffer competitive injury as a result of false markings." (http://thomas.gov/cgi-bin/thomas.) The bill would bring to an end *qui tam* lawsuits for false

---

[1] An appeal of the order of dismissal of the *Stauffer* case has been taken to the United States Court of Appeals for the Federal Circuit, and is pending at this time.

marking brought by plaintiffs who have sustained no competitive injury, such as Dr. Hollander. The bill is co-sponsored by Reps. Conyers (D-Mich.), Smith (R-Texas), Boucher (D-Va.), Coble (R-N.C.), Cohen (D-Tenn.), Franks (R-Ariz.), and Lundgren (R-Calif.). It was referred to the House Committee on the Judiciary. The text of the bill is identical to a provision in the manager's amendment to the comprehensive Senate patent reform bill S. 515, which was published on March 4, 2010 and is currently the subject of very active Senate-House talks. (http://thomas.gov/cgi-bin/thomas.)

Both Timex and Dr. Hollander[2] rely on a 1941 decision of the Southern District of New York in *United States v. B.F. Goodrich Co.*, 41 F.Supp. 574 (S.D. N.Y. 1941). The *B.F. Goodrich* case does not (and cannot) have precedential value here because it relates to a specific provision in another statute and the statute Advance Watch sues on in this action, 35 U.S.C. §292(b), was not added to the Patent Act until 1952. *See* Complaint, ¶12.

In summary, the equities support maintaining this action. Advance Watch is a direct competitor of Timex, has sustained competitive injury, and has brought this action ***in Timex's home forum***. The viability of the *Hollander* action is uncertain due to Dr. Hollander's lack of standing, and the risk of that action failing for that reason. The Court has discretion to continue this action in consideration of the equities involved. *Curtis v. Citibank N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).

---

[2] *See* Letter of March 22, 2010 from Dr. Hollander's counsel to the Court, Exhibit C to Timex's motion (Docket No. 12-1).

B.     **Timex's Repeated Violations Of 35 U.S.C. §292(b) Are Actionable**

1.     **Marking With An Expired Patent Is Actionable Under 35 U.S.C. §292(b)**

Marking advertising or product literature with a patent number is, in effect, posting a "No Trespassing" sign.  *Pequignot v. Solo Cup Co.*, 540 F.Supp.2d 649, 654 (E.D. Va. 2008). Timex does ***not*** deny it marks its advertising and product literature with expired patents.[3] Timex can have no motive other than to post "no trespassing" signs when it marks patent numbers on its advertising and product literature, expired *vel non*.

That marking a product or product literature with an <u>expired</u> patent is a violation of 35 U.S.C. §292(b), was validated by the *Pequignot* Court in an in-depth analysis of patent law and policy. Specifically, the *Pequignot* Court held: "Solo's argument, that the term 'unpatented article' does not refer to an article subject to an expired patent, is in discord with black-letter patent law." *Pequignot v. Solo Cup Co.*, *supra,* 540 F.Supp.2d at 652. The analysis underlying this holding is reproduced as follows:

> An article that was once protected by a now-expired patent is no different than an article that has never received protection from a patent. Both are in the public domain. *See Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 231, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964) ("An unpatentable article, like an article on which the patent has expired, is in the public domain and may be made and sold by whoever chooses to do so."). The interpretation urged by Pequignot-that the term "unpatented article" refers to any article not presently protected by a patent-is entirely consistent with this principle. [Footnote omitted.]
>
> Pequignot's construction is also buttressed by the way in which the Supreme Court has used the word "unpatented." In *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 109 S.Ct. 971, 103 L.Ed.2d 118 (1989), the Court observed that the article in question, which "ha[d] been freely exposed to the public for a period in excess of six years ... stands in the same stead as an item for which a patent has

---

[3]  There is nothing in the record of Timex's motion, whether evidence or argument, that suggests that Timex genuinely believes its products are still protected by these expired patents.

expired or been denied: it is unpatented and unpatentable." *Id.* at 159, 109 S.Ct. 971 (emphasis added). Other courts have also employed this usage. *See, e.g., Prestole Corp. v. Tinnerman Products, Inc.*, 271 F.2d 146, 155 (6th Cir.1959) ("[A]fter the expiration of a patent, the invention originally protected thereby becomes, for all purposes, an unpatented device."); *Sylvania Indus. Corp. v. Visking Corp.*, 132 F.2d 947, 950 (4th Cir.1943) ("Patent No. 1,070,776 expired on August 19, 1930, and since that date [the articles] have been unpatented articles of commerce."); *see also Decor Grates, Inc. v. Fararo*, No. 92-6395, 1995 WL 548571, at *3 (N.D.Ill. Sept. 12, 1995) ("[T]he patent laws were believed to leave in the public domain all unpatented inventions, whether that status is due to patent expiration, invalidation, denial, or simply a failure to submit a timely application.").

*Pequignot v. Solo Cup Co.*, 540 F.Supp.2d at 652.

As the Supreme Court said over 100-years ago in *Singer Mfg. Co. v. June Mfg. Co.*, 163 U.S. 169, 185 (1896 ): "It is self-evident that on the expiration of a patent the monopoly granted by it ceases to exist, and the right to make the thing formerly covered by the patent becomes public property."  Timex's posting of "No Trespassing" signs on public property is precisely the kind of conduct targeted by the false patent marking statute.

Timex's back-up argument is that even if the patent has expired, the article is "patented" if it embodies the subject matter of the patent. (Timex Memorandum, at 15: "*Articles are properly referred to as patented when they embody the subject-matter of the patent.*")  This back-up argument enjoys no traction in patent law.  This is because the claims alone define the patented invention, not some gestalt reference to the "subject matter of the patent." Timex's back-up argument is at odds with the time-honored rule that the claims alone define the power to exclude.  *See, e.g., Aro Mfg. v. Convertible Top Replacement Co.*, 365 U.S. 336, 339 (1961) ("[T]he claims made in the patent are the sole measure of the grant . . . ."); *Cont'l Paper Bag Co. v. E. Paper Bag Co.*, 210 U.S. 405, 419 (1908) ("[T]he claims measure the invention."); *Atl. Thermoplastics Co. v. Faytex Corp.*, 974 F.2d 1299, 1300 (Fed. Cir. 1992) ("The claims alone define the patent right."); *SRI Int'l v.*

*Matsushita Elec. Corp.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985) ("It is the claims that measure the invention."). The claims alone give notice of the scope of patent protection. *Mahn v. Harwood*, 112 U.S. 354, 361 (1884) ("The public is notified and informed by the most solemn act on the part of the patentee, that his claim to invention is for such and such an element or combination, and for nothing more.").

Finally, Timex's plea on page 17 of its Memorandum to construe the term "patented," as it appears in Sec. 292(b) of the Patent Act of 1952, in reference to an 1860 bill introduced in Congress, is unavailing. Another Court has considered this same argument, and determined that reference to language in a nineteenth century bill that Congress did not pass "is not persuasive." *Pequignot v. Solo Cup Co.*, 540 F.Supp.2d 649, 653, n.6 (E.D. Va. 2008).

### 2. Timex Also Marks Products With The Patents At Issue That Cannot Possibly Be Applicable

Timex pretends that its false marking is limited to expired patents. It is not. Timex's continuous and deliberate program to falsely mark products to scare competition is much broader. For example, Timex marks numerous products with expired patent No. 4,775,964 (the '964 Expired Patent) as outlined in Advance's complaint. (Dkt. #1, ¶ 18.) The '964 Expired Patent claims are directed to an analog watch, one with rotating stems. (Exhibit 4, the '964 Expired Patent.) Timex, however, marks products like the one pictured below (that is at issue in the co-pending litigation between Advance and Timex) even though the claims do not cover digital watches.

|  WATCH | INSTRUCTION MANUAL |
|---|---|
|  T5E511 | |

Timex's pattern of false marking goes much further than expired patents.

C.   **The Complaint Is Well-Pleaded Under The Proof Standards Of The *Forest Group* Case**

The Federal Circuit's December 28, 2009 Opinion in *The Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009) states the current proof standards for a false marking claim.[4]  Those standards are: (1) marking an unpatented article and (2) intent to deceive the public. *Id.*

Timex does not contest the fact it marks its advertising and product literature with expired patents.  The previous discussion establishes that an article is "unpatented" if covered by an expired patent.  Thus, we turn attention to the "intent to deceive the public" proof element.

The *Forest Group* Court provided guidance on the type of proof needed to meet the "intent to deceive the public" element:

---

[4]  Timex cites the *Forest Group* Opinion but twice in its Memorandum, on pages 11 and 18.

> "Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." *Id.* [*Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed.Cir.2005)] (citing *Seven Cases of Eckman's Alterative v. United States*, 239 U.S. 510, 517-18, 36 S.Ct. 190, 60 L.Ed. 411 (1916)). A party asserting false marking must show by a preponderance of the evidence that the accused party did not have a reasonable belief that the articles were properly marked. *Id.* at 1352-53. An assertion by a party that it did not intend to deceive, standing alone, "is worthless as proof of no intent to deceive where there is knowledge of falsehood." *Id.* at 1352.

*The Forest Group, Inc. v. Bon Tool Co.*, *supra*, 590 F.3d at 1300.

Timex effectively concedes in its Memorandum that it knew its advertising materials and product literature were not properly marked when it listed its expired patents. This is proved by the following admission of Timex bridging pages 18 and 19 of its Memorandum:

> On the other hand, where a patentee's right to exclude others has merely expired, an interested party only needs to briefly consult a patent to ascertain that fact – the patent's term is obvious on the face of the patent.

Timex cannot pretend that it did not "briefly consult" its own patents when marking its advertising materials and product literature with the numbers of these expired patents, *i.e.*, patents whose claimed matter is now public property. Timex is self-indicted by the above quotation on pages 18 and 19 of its Memorandum.

Advance Watch sufficiently pleads the "intent to deceive the public" proof element, *i.e.*, "A party asserting false marking must show by a preponderance of the evidence that the accused party did not have a reasonable belief that the articles were properly marked." *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). Timex could not have had a reasonable belief that marking its advertising materials and product literature with numbers of expired patents was proper.

Timex next argues on pages 25-26 of its Memorandum that a false patent marking must be pleaded with the same particularity as a fraud claim under Fed. R. Civ. P. 9(b). Timex does not cite the *Forest Group* Opinion, or any of its progeny, to support this argument. The word "fraud" does **not** appear in the *Forest Group* Opinion, only the words "<u>intent</u>" and "<u>knowledge</u>." *See* the quotation from the *Forest Group* Opinion, reproduced above, providing guidance on proof of "intent to deceive the public." Fraud plays no part in the proof analysis.

The second sentence of Rule 9(b) makes clear that "intent" and "knowledge" may be alleged generally. ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.")

Timex's argument for a heightened pleading standard finds no support in the *Forest Group* Opinion, which defines the modern proof elements for a false patent marking claim. Advance Watch has properly pled "intent" and "knowledge" under the standard of Rule 9(b), second sentence.

Finally, Advance Watch invites the Court's attention to the allegations of the Complaint, which provide an ample pleaded basis to infer that Timex did not have a reasonable belief that its advertising materials and product literature were properly marked. *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). Parts D. and E. of the Complaint, spanning paragraphs 20 - 25, are reproduced below to show the <u>fact-based</u> pleading that underlies Advance Watch's false marking claim:

### D.     *Timex- A Patent-Sophisticated Company*

20.     Timex describes itself on its web site as:

*Timex Group designs, manufactures and markets innovative timepieces and jewelry globally. Timex, founded in 1854, has expanded to become Timex*

-10-

*Group, a privately-held company, with several operating units and over 5,000 employees worldwide. One of the largest watch makers in the world, Timex Group companies include the Timex Business Unit (Timex, Timex Ironman, Opex, TX, Nautica, Marc Ecko); Timex Group Luxury Watches (Valentino, Salvatore Ferragamo); Sequel (Guess, Gc); Vertime (Versace, Versus); and Vincent Bérard.*

* * * *

*Timex Group companies have one of the most powerful portfolios of brands in the watch and jewelry industry. With technological innovation and cutting-edge design, we recognize the tremendous opportunity to leverage the reach and appeal of each brand's individual identity, personality and customer base. With our global organization and breadth of expertise, we bring our partners from concept through design, manufacturing to distribution, to meet and exceed the brands' criteria for success.*

21.     Timex has an extensive patent portfolio. Since 1970 Timex has had over 700 United States patents issued. Many of these patents have now expired.

### E.     Timex's False Marking

22.     Timex makes and sells a variety of watches which it marks in its advertising and product literature with the number of patents which are expired. An example of falsely marked products are Timex's Indiglo brand watches witch according to the Timex web site was introduced in 1989.

-11-



23.     An exemplary falsely marked watch is the Timex's "Ironman T59201-XT" which has product literature referencing to Indiglow patents when all of the listed U.S. patents listed are expired:

**INDIGLO® NIGHT-LIGHT/NIGHT-MODE® FEATURE**
1. Press **INDIGLO** to activate night-light. Electroluminescent technology (U.S. pat. 4,527,096 and 4,775,964) illuminates entire watch face at night and in low light conditions.
2. Continue to press up to 3 seconds to maintain illumination.
3. Press and hold **INDIGLO** for 4 seconds to activate NIGHT-MODE® feature (U.S. pat. 4,912,688) feature. ☾ will appear.
4. In NIGHT-MODE®, push any button to illuminate watch face for 3 seconds.
5. To deactivate NIGHT-MODE® feature, press **INDIGLO** for 4 seconds. Feature will automatically deactivate after 8 hours.

24.     Current Timex product literature for hundreds of watches are similarly marked referencing the expired Indiglo patents.

25.     The above instances of false marking are representative, and not exhaustive. Approximately half of the patents currently listed on Timex's product literature are expired.

These allegations positively refute Timex's self-serving statement on page 23 of its Memorandum that Timex did not actually know that the patents marked on its products were expired.

D.	**Statute Of Limitations**

The denouement of Timex's motion is a strange request not to allow Advance Watch to pursue claims based on conduct occurring before the applicable 5-year statute of limitations. It is self-evident that Advance Watch will not pursue any claims to recover for violations of the false marking statute that may have occurred before the applicable term.

Advance Watch respectfully submits that the statute of limitations is an affirmative defense, and has no place in a Fed. R. Civ. P. 12(b)(6) motion.

### III. CONCLUSION

Advance Watch's false patent marking claim (i) is well-pleaded under the proof standards of *Forest Group,* (ii) was brought by a direct competitor in the sports watch business, (iii) pleads competitive injury, and (iv) has venue properly laid in this judicial district, where Timex is headquartered. On considerations of equity, the Court may properly exercise its discretion to continue this suit over the *Hollander* action, filed by an individual who lacks constitutional standing and which pends in a remote judicial district.

For these reasons, Advance Watch asks the Court to **DENY** Timex's motion.

Respectfully submitted,

By: /s/ Mark A. Cantor
Mark A. Cantor (MI Bar P32661)
Marc Lorelli     (MI Bar P63156)
BROOKS KUSHMAN P.C.
1000 Town Center
Twenty-Second Floor
Southfield, MI 48075
Telephone: (248) 358-4400
Facsimile: (248) 358-3351
Email: mcantor@brookskushman.com

Eliot Gersten, Esquire (ct05213)
GERSTEN CLIFFORD & ROME, LLP
214 Main Street
Hartford, CT 06106
Telephone: (860) 527-7044
Facsimile: (860) 527-4968
Email: egersten@gcrlaw.net

Dated: April 12, 2010

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2010, I electronically filed the foregoing **PLAINTIFF ADVANCE WATCH CO., LTD.'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** with the Clerk of the Court for the District of Connecticut using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Mark A. Cantor, Eliot B. Gersten, Sarah S. Healey, John R. Horvack, Jr., Marc Lorelli, James K. Robertson, Jr. .

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System:   None.

        BROOKS KUSHMAN P.C.

        By: /s/ Mark A. Cantor
           Mark A. Cantor (Pro Hac Vice)
           Marc Lorelli (Pro Hac Vice)
           1000 Town Center
           Twenty-Second Floor
           Southfield, Michigan  48075-1238
           Tel:  (248) 358-4400 — Fax:  (248) 358-3351
           E-mail: mcantor@brookskushman.com
                  mlorelli@brookskushman.com